**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Richard Hough, Appellant,

v.

Angela Hough, Respondent.

Appellate Case No. 2014-000084

Appeal From Kershaw County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-509
Submitted August 1, 2015 – Filed November 12, 2015

**AFFIRMED**

William A. Hodge, of William A. Hodge, Attorney at Law, of Columbia, for Appellant.

Angela Hough, of Lugoff, pro se.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Const. art. V, § 24 ("The Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record."); *State v. Thrift*, 312 S.C. 282, 291-92, 440 S.E.2d 341, 346-47 (1994) ("Under the separation of powers doctrine, which is the

basis for our form of government, the Executive Branch is vested with the power to decide when and how to prosecute a case. Both the South Carolina Constitution and South Carolina case law place the unfettered discretion to prosecute solely in the prosecutor's hands. The Attorney General as the State's chief prosecutor may decide when and where to present an indictment, and may even decide whether an indictment should be sought. Prosecutors may pursue a case to trial, or they may plea bargain it down to a lesser offense, or they can simply decide not to prosecute the offense in its entirety. The Judicial Branch is not empowered to infringe on the exercise of this prosecutorial discretion . . . ." (footnotes omitted)); *In re Richland County Magistrate's Court*, 389 S.C. 408, 412, 699 S.E.2d 161, 163 (2010) ("[A]llowing prosecution decisions to be made by, or even influenced by, private interests would do irreparable harm to our criminal justice system."); *id.* at 413, 699 S.E.2d at 164 (analyzing prior cases "permit[ing] persons other than solicitors to prosecute criminal cases in magistrates' court" and concluding they involved "officers acting in the capacity of public officials [who were] sworn to uphold the law" and "act[ed] on behalf of the State"); *id.* at 414, 699 S.E.2d at 165 ("The dignity and might of the State are brought to bear in decisions to prosecute. These decisions must not be made by interested parties.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.